IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WADE REEVES,<br><br>        Plaintiff,<br><br>v.<br><br>APRIL SEIBERT;<br>TODD CHESBRO;<br>DEBORRAH LUDI LEITCH;<br>KENNETH J. HARA;<br>BIRGIT FLADAGER;<br>ROB BONTA;<br>PATRICIA GUERRERO;<br>GAVIN NEWSOM;<br>STEVE KUNZWEILER;<br>GENTNER DRUMMOND; and<br>M. JOHN KANE IV,<br><br>        Defendants. | Case No. 24-CV-00431-SEH-SH |

## OPINION AND ORDER

Before the Court is the motion to dismiss brought by defendants Justice John Kane IV of the Oklahoma Supreme Court, and Tulsa County Special Judges April Seibert, Todd Chesbro, and Deborrah Ludi-Leitch (the "Judicial Defendants") [ECF No. 9]. For the reasons stated herein, the motion is granted, and this action is dismissed in its entirety without prejudice.

## I. Background

Plaintiff initiated this action by filing a document titled "Affidavit and Petition for IMMEDIATE INJUNCTION and Declaratory Judgment." [ECF No. 1]. Because Plaintiff is *pro se*, I construe his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Keeping that in mind, I construe Plaintiff's initial filing [ECF No. 1] as a complaint because it identifies several claims, and Plaintiff appears to seek relief.[1]

The Judicial Defendants argue, among other things, that Plaintiff's Complaint is deficient under Federal Rule of Civil Procedure 8's "short and plain statement" requirement. [ECF No. 9 at 4–6]. They say the "Complaint consists of nine (9) "claims", assorted "maxims" of law, citations to various cases and theories of recovery," and that it contains pleadings from other cases and other attachments that bear no connection to this case. [*Id.* at 5–6]. Based on how the Complaint is drafted, Defendants contend that they "and the Court are left to speculate" how the alleged facts "entitle [Plaintiff] to the relief he seeks." [*Id.* at 6].

Plaintiff does not specifically respond to the Judicial Defendant's Rule 8 arguments. Instead, Plaintiff states as follows:

---

[1] For ease of reference and in the interest of clarity, I will refer to Plaintiff's filing at [ECF No. 1] as the Complaint.

2

> **Please take Further Notice that** <u>Defendants Kane, Seibert, Chesbro, and Ludi-Leitch are judges.</u> Judges must take notice of constitutions. The Oklahoma Constitution prohibits government depriving people their property in unlawful tribunals; specifically, the text of Article 2, Section 7 reads, "No person shall be deprived of life, liberty, or property, without due process of law." So when Plaintiff served them with sworn testimony specifying that unlawful tribunals were making void orders against constitutional protections, these Defendant judges either purposefully didn't take notice the text of the Oklahoma Constitution (which was cited in the affidavit), or they don't understand the Oklahoma Constitution, or they ignored it. Any of those failures show a breach of trust. (see authority below):
> **Maxim of Law:** "The ignorance of the judge is the misfortune of the innocent." 2 *Inst*. 591.

[ECF No. 28 at 4] (emphasis in original). Plaintiff further responds (without any explanation) that the motion to dismiss should be denied "because the Constitution is authoritative over Defendants' cited authorities." [ECF No. 1. At 4].

## II. Discussion

Although I liberally construe Plaintiff's filings, he must still follow the same procedural rules that apply to all litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Among the rules Plaintiff must follow is Federal Rule of Civil Procedure 8, which states in relevant part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain: . . .
>
>> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; . . .

3

In cases like this where the plaintiff sues multiple defendants, Rule 8 requires a pleading to "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma, ex rel., Dept. of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). A plaintiff can also make a pleading unintelligible and, therefore, deficient under Rule 8 "by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (quotation marks and citation omitted).

Stated simply, parties must "frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quotation marks omitted). Rule 8's requirement is important because a short and plain statement gives "the opposing party reasonable and fair notice of the basis of the complaint." *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001) (collecting cases).

It is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Mann*, 477 F.3d at 1148. Failure to comply with Rule 8 "can supply a basis for dismissal." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 (10th Cir. 2007).

I agree with the Judicial Defendants that Plaintiff's Complaint is deficient under Rule 8. Plaintiff's Complaint will not set any records for its length, but it does not adequately set forth "*who* is alleged to have done *what* to *whom*" *Robbins*, 519 F.3d at 1250 (emphasis in original). Plaintiff appears to assert 9 "claims," most of which are extraordinarily broad and not directed at any particular defendant. For example, claim 3 alleges that "Defendants did not answer Plaintiff," and claim 9 alleges that "Government, without jurisdiction, now attacks Plaintiff in proceedings without constitutional authority." [ECF No. 1 at 4]. Plaintiff also attaches more than 40 pages of exhibits without adequate explanation of their relevance. [*Id.* at 8–50]. In doing so, Plaintiff has improperly hidden his allegations in a "morass of irrelevancies." *Mann*, 477 F.3d at 1148.

Because Plaintiff's complaint does not meet the "short and plain statement" requirement in Federal Rule of Civil Procedure 8(a)(2), the Judicial Defendants' motion to dismiss [ECF No. 9] is granted. Because this is an independent basis to dismiss the action, I do not address the other arguments made in the motion.

### III. Conclusion

For the reasons set forth above, the Judicial Defendants' motion to dismiss [ECF No. 9] is GRANTED. I hereby dismiss this action in its entirety without

prejudice. Because this action is dismissed, the following pending motions are MOOT:

- Defendants' Gentner Drummond and Steve Kunzweiler's Motion to Dismiss and Brief in Support [ECF No. 11];

- Hon. Patricia Guerrero, Chief Justice of California, and Hon. Kenneth J. Hara, Commissioner of the Superior Court of California, County of Stanislaus's Motion to Dismiss [ECF Nos. 22 & 23];[2]

- Plaintiff's Affidavit and Motion to Stay Proceedings (Rule 62) Incident to Case 4:24-CV-00431-SEH-SH [ECF No. 29];

- Defendants California Attorney General Rob Bonta and California Governor Gavin Newsom's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), 12(b)(2), and 12(b)(6); Brief in Support [ECF No. 37];

- Plaintiff's Motion for Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65(b) [ECF No. 43];

- Plaintiff's Emergency Motion for Immediate Ruling on Docket No. 29 Pursuant to Rule 62 and Consideration of Docket No. 43 Pursuant to Rule 65(b) [ECF No. 44].

DATED this 13th day of January, 2025.

*Sara E. Hill*

Sara E. Hill
UNITED STATES DISTRICT JUDGE

---

[2] These filings appear to be identical.